FILED
CLERK

4:01 pm, Feb 15, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KEVIN CRENSHAW, 361958,

                            Plaintiff,

       -against-

ERROL TOULON, JANE DOE, Mess Hall Staff A Crew;
JON DOE, Mess Hall Srtaff B Crew;

                         Defendants.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-00305(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the *pro se* complaint of Kevin Crenshaw ("Plaintiff"), filed while incarcerated at the Suffolk County Correctional Facility, an application to proceed *in forma pauperis* ("IFP"), and the required Prisoner Litigation Authorization form ("PLA"). *See* Docket Entry "DE" 1, 4-5. Upon review of Plaintiff's filings, the Court finds that Plaintiff is qualified by his reported financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

      Plaintiff's complaint is submitted on the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and is brief. *See* DE 1. Plaintiff names as defendants Suffolk County Sheriff, Erroll Toulon, Jr. ("Sheriff Toulon"), and two unidentified individuals who are alleged to work in the Mess Hall on Staff A ("Jane Doe") or Staff B ("Jon Doe" and collectively, "Defendants"). *Id.* at 1, and at 3 ¶ III. According to the sparse complaint, in its entirety, Plaintiff alleges:[1]

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors

> My name is Kevin Crenshaw and I entered this facility August 29, 2023. On October 5 to November 5, I was working in the kitchen on A crew and B crew. I was working without being properly trained that caused me to contract Hepatitus A.

*Id.* at ¶ IV. In the space that calls for a description of any injuries suffered and any medical treatment required and/or received Plaintiff wrote: "I got Hepititus A, and I had to take medication for my complication and I have records to prove my claim." *Id.* at ¶ IV.A. For relief, Plaintiff seeks to recover a damages award in the sum of $1 million as "suitable compensation for negligence and deliberate indeffrence this facility has caused." *Id.* at ¶ V.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### I.    *In Forma Pauperis*

Upon review of the IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (DE 5) is granted.

### II.   **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally,

---

in spelling, punctuation or grammar will not be corrected or noted.

*see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Notwithstanding the scant allegations, given Plaintiff's *pro se* status and the special solicitude afforded such litigants, it appears that Plaintiff is asserting a deliberate indifference claim challenging the conditions of his confinement and the adequacy the medical care he received while incarcerated at the Suffolk County Correctional Facility pursuant to Section 1983.

I.    **Section 1983 Claims**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*. Here, Plaintiff's Section 1983 claims, even upon a liberal construction, necessarily fail for the following reasons.

I.    **Lack of Personal Involvement**

Although Plaintiff names Sheriff Toulon and two individuals (Jane Doe and Jon Doe) as Defendants in the caption and identification of parties sections of the complaint, he has not included any of them in his statement of claim or otherwise in the body of the complaint. *See* Compl., DE 1, *in toto*. Given that he has not alleged their personal involvement, his Section 1983 claims are implausible. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). Simply naming the individuals against whom relief is sought is insufficient because "bald assertions and conclusions of law" are do not establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Indeed, "'[d]ismissal is appropriate where a defendant is listed in the caption, but the body of

the complaint fails to indicate what the defendant did to the plaintiff.'" *Dean v. Annucci*, No. 22-CV-0746, 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023) (quoting *Cipriani v. Buffardi*, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (add'l citation omitted)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Here, Plaintiff's omission any factual allegations of conduct or inaction attributable to any of the Defendants (*see* DE 1 *in toto*) renders his Section 1983 claims against them implausible. *See*, *e.g.*, *Booker v. Suffolk Cnty. Dep't of Corr.*, No. 23-CV-732(GRB) (AYS), 2023 WL 7663288, at *4 (E.D.N.Y. Nov. 15, 2023) (dismissing Section 1983 claims where there were no allegations of conduct or in action attributable to any of the individual defendants).

To the extent that Plaintiff seeks to impose liability against Sheriff Toulon given the supervisory position he holds, the complaint is bereft of any facts such that a plausible claim could liberally be construed. The Second Circuit Court of Appeals has made clear that "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020); *see also Braxton v. Bruen*, No. 21-2795, 2023 WL 7478331, at *2 (2d Cir. Nov. 13, 2023) ("[T]his Court clarified in *Tangreti* that plaintiffs 'may not rely on a special test for supervisory liability'. . . but rather must 'plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"). Importantly, "[t]he factors necessary to establish a § 1983 violation [against a supervisor] will vary with the constitutional provision at issue because the elements of different constitutional violations vary." *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023) (internal

5

quotation marks and citation omitted).

Given that the complaint alleges a deliberate indifference claim against Sheriff Toulon, it must necessarily include facts demonstrating the requisite state of mind to render the claim plausible. *See Nazario v. Thibeault*, No. 22-1657, 2023 WL 7147386, at *2 (2d Cir. Oct. 31, 2023) ("[P]laintiff must prove that the official 'had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it.'") (quoting *Tangreti*, 983 F.3d at 616). Wholly absent from the complaint are any allegations that Toulon, through his own individual actions, violated the Constitution or that his conduct or inaction had the required *mens rea* or state of mind. *Maione v. McDonald*, No. 22-782-CV, 2023 WL 4759251, at *4 (2d Cir. July 26, 2023) (affirming dismissal of claims against three individuals where the allegations did not demonstrate "that they, '"through [their] own individual actions, . . . violated the Constitution."'") (quoting *Tangreti*, 983 F.3d at 616 (add'l citation omitted) (*see infra* at 6-7). Thus, Plaintiff's Section 1983 claims are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

## II. Plaintiff Does Not Plausibly Allege a Deliberate Indifference Claim

Even assuming Plaintiff had adequately alleged the personal involvement of each Defendant, Plaintiff has not plausibly alleged a deliberate indifference claim. As a threshold matter, Plaintiff does not allege whether he was a pre-trial detainee or a convicted inmate at the time of the challenged conduct. *See* DE 1 *in toto*. A state pretrial detainee is protected under the Due Process Clause of the Fourteenth Amendment whereas a convicted inmate is protected from cruel and unusual punishment under the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under either amendment, "[t]he deliberate indifference standard embodies both objective and subjective elements: (1) the alleged deprivation must be, in objective terms,

sufficiently serious; and (2) the charged official conduct must act with a sufficiently culpable state of mind." *Espinosa v. Nassau Cnty. Corr. Ctr.*, No. 20-CV-0223 (GRB), 2020 WL 4614311, at *3 (E.D.N.Y. July 22, 2020) (internal quotation marks and citation omitted). Although a deliberate indifference claim under either the Eighth or Fourteenth amendment has an objectively "sufficiently serious" injury requirement, there is a difference in the second requirement -- the state of mind of the defendant -- dependent upon which amendment is applicable. Under the Fourteenth Amendment, a plaintiff must allege that the defendant acted with a subjectively sufficient state of mind, *i.e.*, the defendant "knew or should have known" that "an excessive risk to health or safety" would result. *Id.* In contrast, under the Eighth Amendment, "[d]eliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. A prison official does not act in a deliberately indifferent manner unless that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (internal quotation marks and citation omitted).

Here, wholly absent from Plaintiff's complaint are any facts from which the Court could reasonably construe a plausible deliberate indifference claim under either amendment. Given the absence of any allegations concerning any individual -- much less his or her state of mind – Plaintiff's Section 1983 claims fail and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### III. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 sets forth the "General Rules of Pleading" and provides, in relevant part: "A pleading that states a claim for relief must contain: . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; . . . ." FED. R. CIV. P. 8(a)(2). "'[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (quoting *Erickson*, 551 U.S. at 93 (internal quotation marks and citations omitted)); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Indeed, the purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). *Pro se* pleadings are not exempt from the notice requirements of Rule 8, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (alteration in original) (quoting *Twombly*, 550 U.S. at 555). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, even upon a liberal construction, it is readily apparent that Plaintiff's complaint does not comport with Rule 8's requirements. The vague and scant allegations do not provide Defendants with fair notice and do not allege a plausible claim for relief. Accordingly, the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

### IV.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint.

## V. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, in an abundance of caution, Plaintiff is granted leave to file an amended complaint to afford him an opportunity to allege as plausible claim. If Plaintiff chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order and include facts

from which the Court could reasonably construe that the conditions of his confinement and/or his alleged medical condition were extreme enough to constitute a "substantial risk of serious harm" and that each named Defendant consciously disregarded it. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 24-CV-00305(GRB)(JMW). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed.in accordance with this Order. Alternatively, Plaintiff may pursue any valid claims he may have in state court.

### V. Section 1915 Privilege

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted). As *in forma pauperis* status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted). Indeed, to help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). That rule generally prevents a prisoner from bringing suit *in forma pauperis*—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

10

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders. *See Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)). Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is barred from proceeding *in forma pauperis* in the instant action. *See id.* As such,

> [T]he district court judgments should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)) (purgandum).[2]

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of *in forma pauperis* status). This access, however, when done through *in forma pauperis* status, is not unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal *in forma pauperis* unless he is in imminent physical danger—

---

[2] *See Farmers Property and Casualty Insur. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

regardless of the meritoriousness of the case. *See, e.g.*, *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's *in forma pauperis* action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's *in forma pauperis* case alleging campaign of police harassment and retaliation and a physical assault under the three-strikes rule). Indeed, "[r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation. And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding *in forma pauperis* here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or appeals *in forma pauperis*.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 5) is granted.

However, complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to amend the complaint in accordance with this Memorandum and Order, he shall do so within thirty (30) days from the date at the bottom of this page.  Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 24-CV-00305(GRB)(JMW).  If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed.  The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown
**Gary R. Brown**
**United States District Judge**

Dated: February 15, 2024
       Central Islip, New York